DAVID J. DARRAH,

        Petitioner,

v.

                                                     Case No. 24-cv-863-pp

STEVEN JOHNSON,

        Respondent.

---

**ORDER SCREENING *HABEAS* PETITION (DKT. NO. 1), DENYING MOTION FOR EMERGENCY INJUNCTION (DKT. NO. 6), DISMISSING CASE AND DECLINING TO ISSUE CERTIFICTE OF APPEALABILITY**

---

       On July 10, 2024, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241, challenging his state revocation proceedings. Dkt. No. 1. He paid the $5.00 filing fee. The petitioner also filed a letter asking the court to issue an emergency injunction to prevent revocation proceedings from taking place on August 20, 2024. Dkt. Nos. 6, 10. This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases. The court will deny the petitioner's motion for emergency injunction and dismiss the case because it plainly appears from the face of the petition that the petitioner is not entitled to relief.

**I.    Background**

       A.    <u>State Cases</u>

       The petitioner appears to be challenging the revocation of his state extended supervision, though he also selected "detainer/illegal pretrial

1

detention" under the "subject of this application" section of his petition. Dkt. No. 1 at 2. The petition refers to two Milwaukee County Circuit Court cases, State v. Darrah, Case No. 2018CF001713, and State v. Darrah, Case No. 2018CF002322 (both available at https://wcca.wicourts.gov/). In the first case, the petitioner was charged with disorderly conduct and bail jumping. Darrah, Case No. 2018CF001713. In the second, he was charged with another count of bail jumping. Darrah, Case No. 2018CF002322. After the petitioner pled guilty, the state court sentenced him to one year and nine months of initial confinement and one and a half years of extended supervision in the first case, and one and a half years of initial confinement and one and a half years of extended supervision in the second case, to run concurrently. Darrah, Case Nos. 2018CF001713; 2018CF002322. The court stayed both sentences and placed the petitioner on probation for twenty-four months. Darrah, Case Nos. 2018CF001713; 2018CF002322. On December 14, 2018, the court entered a judgment of conviction in both cases. Darrah, Case Nos. 2018CF001713; 2018CF002322.

On April 1, 2019, the petitioner's probation agent informed the state court that the petitioner's probation had been or was in the process of being revoked. Darrah, Case Nos. 2018CF001713; 2018CF002322. In August 2021, the petitioner filed a petition for sentence adjustment in one of the cases, but the docket does not reflect the result of that petition. Darrah, Case No. 2018CF002322.

There was no further activity in either of the petitioner's cases until July 15, 2024 (five days after the petitioner filed his federal *habeas* petition with this court), when the state court received from the petitioner a letter regarding an "extended supervision error." Darrah, Case Nos. 2018CF001713; 2018CF002322. On August 8, 2024, the state court received from the petitioner a letter regarding a "motion to correct sentence". Darrah, Case Nos. 2018CF001713; 2018CF002322. The state court denied that motion. Id. On October 24, 2024, the petitioner filed an appeal of that decision, which currently is pending. Id.

B.    Federal Cases

The petitioner states in his petition that on March 18, 2020, he was sentenced to sixty months of federal imprisonment to run concurrently with his remaining state sentence. Dkt. No. 1 at 10. Though he does not include the case number, the petitioner appears to be referring to United States v. Darrah, Case No. 19-cr-110 (E.D. Wis.). In that case, Judge Stadtmueller sentenced the petitioner to sixty months of imprisonment to run concurrently with the sentences imposed in Milwaukee County Circuit Court Case Nos. 18-CF-1713, 18-CF-2322 and 18-CF-4820, followed by three years of supervised release. Darrah, Case No. 19-cr-110, Dkt. No. 53.

The petitioner alleges that his extended supervision for his state conviction commenced on December 7, 2021, and that he then was transferred to federal custody to serve his federal sentence. Dkt. No. 1 at 10. The petitioner states that on September 22, 2023, while in a federal halfway house, he was

3

transferred to Dodge County Detention Facility after an alleged violation of his state extended supervision. Id. He does not identify the alleged violation; the court suspects he is referring to the events for which he was indicted in United States v. Darrah, Case No. 23-cr-180 (E.D. Wis.). That indictment alleges that the petitioner was found in possession of cocaine and heroin while in a federal detention facility. Id., Dkt. No. 1 at 1. That case currently is pending and the court has not yet set a trial date.

The petitioner filed his federal *habeas* petition on July 10, 2024. Dkt. No. 1. Two days later, the clerk's office received from the petitioner a letter addressed to Judge Stadtmueller in which he argued that commencement of state extended supervision revocation proceedings "contradict[s] or misinterpret[s]" his sentence in Case No. 19-cr-110. Darrah, Case No. 19-cr-110, Dkt. No. 59 at 2. Judge Stadtmueller determined that the state's revocation proceedings did not contradict or misinterpret the federal sentence he had imposed. Id., Dkt. No. 60 at 3.

## II. Rule 4 Screening

### A. Standard

Under Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2) of the Local Rules for the Eastern District of Wisconsin, the court applies the Rules Governing Section 2254 Cases to petitions for a writ of *habeas corpus* under 28 U.S.C. §2241. Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district

court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Instead, the court considers whether the petitioner has stated cognizable grounds for federal *habeas* relief and whether the petitioner has exhausted his state court remedies.

B.     The Petition

A "state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release" must seek relief under 28 U.S.C. §2254. Heck v. Humphrey, 512 U.S. 477, 481 (1994); Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000). If a person is in state custody because of a state court judgment and wants to challenge that custody, the person must do so under 28 U.S.C. §2254, not 28 U.S.C. §2241. Walker, 216 F.3d at 633 ("Roughly speaking, this makes §2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody . . . ."); see also Barnes v. Baldwin, Case No. 19-cv-00635-SMY, 2019 WL 3975176 (S.D. Ill. 2019) (dismissing state prisoner's challenge to his state criminal conviction because it was improperly brought under §2241, rather than §2254). The court has checked the Wisconsin Department of Corrections' locator web site, and at the time he filed his petition the petitioner was (and still is) in state custody. https://appsdoc.wi.gov/lop/

searchbasic.do (for "David J. Darrah, DOC #00633035").

28 U.S.C. §2241 is the "general federal *habeas corpus* statute." Chazen v. Marske, 938 F.3d 851, 856 (7th Cir. 2019). Members of the armed forces who are seeking federal civil review of court-martial convictions may do so under §2241. Clinton v. Goldsmith, 526 U.S. 529, 537 n.11 (1999). An illegal alien who is challenging the duration of detention pending removal or deportation may use §2241 to do so. Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001). A person who is in custody "on some authority other than a state-court judgment" may use §2241 to seek release. See, *e.g.*, Barnes, 2019 WL 3975176, at *2. A federally incarcerated person may use §2241 to challenge a conviction or sentence if the remedy under 28 U.S.C. §2255 is "inadequate or ineffective to test the legality of [her] detention." 28 U.S.C. §2255(e). "The appropriate vehicle for a state pre-trial detainee to challenge his detention is [28 U.S.C.] §2241." Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015).

Under "Grounds for Relief," the petitioner states that his probation violation and revocation proceedings were inappropriate because his extended supervision term "commenced by error, prematurely" so "detention due to pending revocation [is] illegal." Dkt. No. 1 at 10. The petitioner states that he was not given notice that his state extended supervision term would begin during his federal prison term. Id. at 10–11. He alleges that being in the custody and control of both the federal and state prison systems would "violate the separation-of-powers doctrine." Id. at 11. He also contends that the "proceeding" (presumably his revocation proceeding) "is arbitrary in nature and

6

contrary to Wisconsin law, federal law, U.S. Constitution." Id. at 12. The petitioner clarifies that he had not appeared at a revocation hearing as of the date he filed his petition. Id. For relief, the petitioner requests immediate release "as continued custody would unconstitutionally deprive [him] of [his] liberty and substantive due process." Id.

There are several problems with the petition. First, the local rules for the Eastern District of Wisconsin require that

> [a]ll persons applying for or petitioning for release from custody under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, or moving under 28 U.S.C. § 2255 to challenge a sentence imposed by this Court must file their application, petition, or motion with the Clerk of Court using the forms available from the Court. The Clerk of Court will provide the forms and directions for their preparation without charge.

Civil Local Rule 9(a) (E.D. Wis.). Although the petitioner prepared his original petition on the court's form, he since has submitted on notebook paper multiple "supplements" to his petition that purport to raise additional grounds for relief. Dkt. Nos. 4, 6, 7, 8, 9. If the petitioner wanted to amend his petition to add these additional grounds for relief, he should have filed a single, revised petition on the court's form containing all the grounds for relief he wishes to pursue. He cannot edit the petition piecemeal through "supplements."

It is not clear that 28 U.S.C. §2241 is the correct mechanism for the petitioner to bring his claim. A petitioner whose "primary allegation[] concern[s] his claim that his constitutional rights were violated in his state . . . revocation proceedings" should bring such a claim "in a petition for writ of habeas corpus under 28 U.S.C. §2254." Ezzell v. United States, Case No. 13-cv-736-bbc, 2013

7

WL 6176335, at *1 (W.D. Wis. Nov. 25, 2013); see also Alexander v. Yandle, Case No. 21-cv-903-JPG, 2021 WL 3849687 at *2 (S.D. Ill. Aug. 27, 2021) ("If [the petitioner] is challenging his detention pursuant to [a] revocation judgment, §2241 is not available to him as a remedy.").

Third, and perhaps most important, it does not appear that the petitioner exhausted his state court remedies before filing this federal *habeas* petition. A petitioner is required to exhaust his claims by presenting them to the state court before proceeding to *habeas* review. Woodford v. Ngo, 548 U.S. 81, 92 (2006). The exhaustion doctrine "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," so a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Dressler v. McCaughtry, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits"). The exhaustion rule applies to petitions under both §2241 and §2254. See Neville v. Cavanaugh, 611 F.2d 673, 675 (7th Cir. 1979) ("[T]he doctrine of exhaustion of state remedies . . . applies to pre-trial, as well as post-trial, habeas corpus petitions.").

The petition states that the petitioner has not sought *any* state court review of his claims. The petitioner's state court dockets reflect that he filed a "motion to correct sentence" on August 8, 2024, and that he appealed the

denial of that motion to the court of appeals on October 24, 2024. Darrah, Case Nos. 2018CF001713; 2018CF002322. That appeal remains pending. Id. If the petitioner raised in his state-court motion to correct sentence the same claims that he has raised in this federal *habeas* petition, he has not exhausted his state remedies because neither the state court of appeals nor the state supreme court have ruled on the issues. If the petitioner did not raise in his state-court motion to correct his sentence the issues that he has raised in this federal *habeas* petition, then he has not even begun the exhaustion process. The petitioner must first bring his claims about the state revocation proceedings in state court for a full round of appellate review before he may file a federal *habeas* petition.

The court must dismiss the petition.

### III. Motion for Emergency Injunction

The petitioner included in one of his supplemental letters to the court a request for an emergency injunction. Dkt. No. 6. The petitioner requested the injunction to prevent his revocation hearing from taking place as scheduled on August 20, 2024. Id. at 2. The petitioner subsequently informed the court that his revocation hearing had been rescheduled for September 30, 2024. Dkt. No. 10. The court has heard nothing further from the petitioner and might assume that the revocation hearing took place as scheduled on September 30. If so, the petitioner's motion for an emergency injunction to postpone the revocation hearing would now be moot.

But even if the revocation hearing has not yet taken place, the petitioner has not shown he is entitled to an emergency injunction. To obtain emergency injunctive relief, a plaintiff must show (1) that he has no adequate remedy at law and will suffer irreparable harm if the relief is not granted; (2) that the irreparable harm he would suffer outweighs the irreparable harm the opposing party would suffer if the injunction is not granted; (3) that he has some likelihood of success on the merits; and (4) that the injunction would not frustrate the public interest. Finch v. Treto, 82 F.4th 572, 578 (7th Cir. 2023) (citing Speech First, Inc. v. Killeen, 968 F.3d 628, 637 (7th Cir. 2020)). The petitioner has not attempted to make such a showing. He asserts that the revocation hearing would "violate the Due Process Clause," that he is "being deprived of [his] liberty due to this proceeding," dkt. no. 6 at 2, and that he is "being deprived of [his] liberty for reasons that are unconstitutional," dkt. no. 10 at 1. He does not explain how an award of money damages (the remedy at law) would not be adequate to address this alleged deprivation of his rights or how it would result in irreparable harm to the petitioner. Nor has he demonstrated a likelihood of success on the merits. Because the petitioner has not shown he is entitled to an emergency injunction, the court will deny the motion.

IV.     **Certificate of Appealability**

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing

of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because reasonable jurists could not debate that the petitioner is not entitled to *habeas* relief.

## V. Conclusion

The court **DISMISSES** the petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1.

The court **DENIES** the petitioner's motion for emergency injunction. Dkt. No. 6.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that the case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 20th day of November, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**